UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JAMIE CALVILLO, | Case No. 2:18-CV-1580 JCM (EJY) |
| Plaintiff(s), | ORDER |
| v. | |
| CVSM, LLC, et al., | |
| Defendant(s). | |

Presently before the court is CVSM LLC d/b/a Centerfolds Cabaret ("Centerfolds"), James McGinnis, Steve Paik's (collectively "defendants") amended motion for attorney fees. (ECF No. 33). Jaime Calvillo ("plaintiff") filed a response (ECF No. 34), to which defendants replied (ECF No. 36).

Also before the court is plaintiff's motion to reopen and reconsider. (ECF No. 40). Defendants filed a response (ECF No. 42), to which plaintiff did not reply.

**I.      Background**

This action arises from alleged sexual harassment plaintiff suffered at the hands of defendant McGinnis while plaintiff was employed by Centerfolds. (ECF No. 1). Plaintiff was hired as a cashier for Centerfolds in February 2017; McGinnis was the manager of the club during her employment. *Id.* The exact nature of their relationship is disputed, but plaintiff and McGinnis personally interacted outside of the workplace. (ECF Nos. 25; 26).

Plaintiff alleges that McGinnis would regularly ask her out on dates while at work, which she rejected. (ECF No. 26). McGinnis told plaintiff, "if you keep rejecting me, I will replace you." (ECF No. 25-2 at 20). In addition to this alleged verbal sexual harassment, plaintiff claims there were also several incidents of physical sexual harassment.

**James C. Mahan**
**U.S. District Judge**

Plaintiff's employment at Centerfolds ended on October 7, 2017. (ECF No. 25). Plaintiff was suspended for a week for coming in to work inebriated, which was confirmed when she took a breathalyzer test at the club. *Id.* Plaintiff alleges the club's breathalyzer was broken such that it always reported a positive result, even if the employee being tested was not drinking. (ECF No. 26 at 9–10). During her suspension, plaintiff attended the Route 91 Festival where the October 1, 2017, shooting occurred. (ECF No. 25). Plaintiffs left her purse at the scene, which contained her sheriff's card and other identification required by law to work in a cabaret environment. *Id.* Plaintiff could not get replacements for these documents because she had overdue traffic tickets that resulted in a warrant for her arrest. *Id.*

Plaintiff informed Centerfolds about her lost identification. *Id.* Because plaintiff could not legally return to work, Centerfolds, told her that it would treat the situation as a resignation. *Id.* However, Centerfolds informed her that when her belongings were released to her, she could be rehired. *Id.*

Plaintiff appeared at Centerfolds the next morning and caused a disturbance. (ECF No. 25-5 at 3). Plaintiff was informed that if she did not leave the property, employees would call the police. *Id.* at 4. Defendants allege the offer of future employment was no longer open to her after the disturbance. *Id.* at 11.

The court granted summary judgment in defendants' favor on March 30, 2020. (ECF No. 29). The court dismissed plaintiff's federal discrimination claim because defendants established that they were entitled to the affirmative defense of reasonable care. *Id.* at 7–10. First, the court determined that defendants did not take a tangible employment action against plaintiff because she did not have—and, due to a warrant for her arrest, could not replace—the proper identification to work. *Id.* at 8. The court then found that Centerfolds exercised reasonable care to prevent and promptly correct any sexual harassment, but plaintiff thwarted their investigation. *Id.* at 8–10. Finally, the court declined to exercise supplemental jurisdiction over plaintiff's state-law claims. *Id.* at 10–11.

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

## II. Legal Standard

Under the "American rule," litigants generally must pay their own attorneys' fees in absence of a rule, statute, or contract authorizing such an award. *See Alyeska Pipeline Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975); *MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co.*, 197 F.3d 1276, 1280–81 (9th Cir. 1999); *see also* Nev. Rev. Stat. § 18.010. Here, the court "may allow the prevailing party . . . a reasonable attorney's fee . . ." pursuant to 42 U.S.C. § 2000e, *et seq.* ("Title VII"). 42 U.S.C. § 2000e–5(k).

The decision to award attorneys' fees is discretionary. *Flamingo Realty, Inc. v. Midwest Dev., Inc.*, 879 P.2d 69, 73 (Nev. 1994); *see also* 42 U.S.C. § 2000e-5(k) ("[T]he court, **in its discretion** . . . (emphasis added)). Although it is not necessary for a defendant to prevail on every claim in a suit to obtain attorneys' fees, *see CRST Van Expedited, Inc. v. E.E.O.C.*, 136 S. Ct. 1642, 1651 (2016), "attorneys' fees . . . should only be awarded a defendant in exceptional circumstances," *Saman v. Robbins,* 173 F.3d 1150, 1157 (9th Cir.1999).

As a result, "a plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his [or her] claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n,* 434 U.S. 412, 422 (1978). Similarly, attorneys' fees are particularly appropriate when the plaintiff acted in bad faith. *Id.*

## III. Discussion

Plaintiff bases her motion on Rule 60(b), which allows the court to "relieve a party or its legal representative from a final judgment, order, or proceeding" for one of six enumerated reasons. (ECF No. 40 at 3 (quoting Fed. R. Civ. P. 60(b))). However, the substance of plaintiff's motion—further evidenced by the caption "motion to reopen **and reconsider**"—asks this court to reconsider its order, which is appropriately brought under Rule 59(e). *See generally id.* While Rule 59(e) "permits a district court to reconsider and amend a previous order," *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003), such a motion "**must** be filed no later than 28 days after the entry of the judgment," Fed. R. Civ. P. 59(e) (emphasis added).

**James C. Mahan**
**U.S. District Judge**

- 3 -

Because plaintiff's motion is, in fact, a Rule 59(e) motion, it must have been brought within 28 days. The court denies the motion as untimely because plaintiff failed to do so.

The court now turns to defendants' motion for attorney fees. Defendants contend that plaintiff's claims were wholly frivolous, unreasonable, or groundless. (*See generally* ECF No. 33). Plaintiff argues they were not. (*See generally* ECF No. 34).

The court granted summary judgment in defendants' favor because defendants established that they were entitled to a reasonable care defense. (ECF No. 29 at 7–10). The court did "not decide if plaintiff was subjected to a hostile work environment." *Id.* at 7. And, to be sure, there was evidence of misconduct on defendants' part. *Id.* (referring to McGinnis asking plaintiff out regularly, groping her, attempting to show her an inappropriate picture, and grabbing her hair and moaning). Further, there was certainly a colorable argument about whether Subit was, in fact, the human resources officer. *Id.* at 9, n.4.

When reviewing this motion, the court is cognizant of the stringent standard of awarding fees to the defendant in a Title VII case. *See Saman*, 173 F.3d at 1157. Additionally, "[i]n considering what constitutes a claim that is frivolous, unreasonable or groundless, 'it is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, [her] action must have been unreasonable or without foundation.'" *C.W. v. Capistrano Unified Sch. Dist.*, 784 F.3d 1237, 1245 (9th Cir. 2015) (citing *Christianburg*, 434 U.S. at 421–22). When deciding whether this claim is frivolous, the court need not determine whether the plaintiff was able to legally establish that the defendant's conduct was severe or pervasive, instead, the court "need only determine whether [plaintiff's] belief that [she] had done so was reasonable." *E.E.O.C. v. Bruno's Rest.,* 13 F.3d 285, 288 (9th Cir. 1993).

Plaintiff did not prevail on her claims, but that does not necessarily entitle defendants to an award of attorney fees. The court, in light of defendants' misconduct and the lack of a formal human resources department—or even clear anti-discrimination policies—finds that plaintiff's claim was not frivolous, unreasonable, or groundless. The court does not find exceptional circumstances warranting attorneys' fees and declines defendants' motion.

**James C. Mahan**
**U.S. District Judge**

- 4 -

### IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion to reopen and reconsider (ECF No. 40) be, and the same hereby is, DENIED as untimely.

IT IS FURTHER ORDERED that defendants' motion for attorney fees (ECF No. 33) be, and the same hereby is, DENIED.

DATED July 22, 2020.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 5 -